Battle, J.
No person can read the will, upon the construction of which we are called upon to give an opinion, without being at once impressed with the idea that the testator intended to make an equal division of his estate among his children. This could not well be done with regard to each particular species of property; but it is manifest that he intended that whatever inequalities there might be in the distribution of any one kind, should be corrected in the division. of others, j It was with that view, that he mentioned each tract of land which he had given to his children respectively, and fixed upon the sum at which it was valued; and to prevent all doubt that such was his object, he declares in a subsequent part of his will, after a bequest of some personal property to his son Joseph, that he was only to be “ bound on a settlement with the remainder of the heirs for the valuation of his land, to wit, §600.” A similar clause is inserted in relation to his son John; and the same declaration must, we think, be implied .in the respective devises to the other children. The intention, so apparent, for an equal provision for all the children, is not in the least degree varied by the changes subsequently made by the testator, in the disposition, by deed, of certain portions of his land among some of them; and, we think, they cannot disappoint that intention by electing to claim partly under their deeds and partly under the will. The principle of the doctrine of election is, (as we have had occasion to say in the case of McQueen v. McQueen, ante 16,) that “one who takes a bounty under an instrument, is under an obligation to give effect to the whole instrument; or rather, that the donor intended that he should not enjoy that bounty, if he disappointed that bestowed on another in the same instrument.” Adams' Eq. 93. f All the defendants who are of full age must, *455 therefore, be held to elect whether' they will claim tinder or against the will. As to the defendant Eobert W. Georgá, who is an infant, there must be a reference to the master, to enquire and ascertain the value of both interests, and then the Court will direct what election shall be made for him. See McQueen v. McQueen, above cited, and the cases there referred to.
Pee CueiaM. A decree may be drawn in accordance with this opinion.